UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRAIG COUTURIER,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**BARD PERIPHERAL VASCULAR, INC. AND C. R. BARD, INC.,**<br><br>　　　　　**Defendants.** | **CASE NO. 2:19-cv-12497**<br><br>**JUDGE IVAN L.R. LEMELLE**<br><br>**MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants C. R. Bard, Inc., and Bard Peripheral Vascular, Inc. (together, "Defendants" or "Bard") hereby move the Court for an Order granting summary judgment on all of Plaintiff's claims (the "Motion").

Plaintiff's operative Short Form Complaint asserts thirteen causes of action against Bard, including claims for alleged strict liability and negligent manufacturing defect (Counts I, V), design defect (Counts III, IV), and failure to warn (Counts II, VII), negligent misrepresentation (Count VIII), negligence per se (Count IX), fraudulent misrepresentation and concealment (Counts XII, XIII), breach of implied and express warranty (Counts X, XI), and violation of state consumer laws (Count XIV). Plaintiff also alleges punitive damages. None of Plaintiff's claims can be sustained and Bard is entitled to summary judgment.

As more fully set forth in Bard's Memorandum of Law in Support of Motion for Summary Judgment, filed contemporaneously herewith, Bard makes the Motion on the following grounds: (1) All of Plaintiff's claims fail for lack of causation, an essential element for each and every one of the asserted claims; (2) in addition to failing to establish causation, each of Plaintiff's claims

1

fails for the additional, independent reasons, namely (a) the exclusivity provision of the Louisiana Products Liability Act ("LPLA") bars Plaintiff's claims based on any theory of liability not set forth in the LPLA; thus, Counts IV, VIII, IX, XI, XII, XIII, and XIV and Plaintiff's claim for punitive damages fail as a matter of law; (b) Plaintiff cannot sustain his failure to warn claims, and has not and cannot meet his burden to show causation due the learned intermediary doctrine, since there is no evidence Plaintiff's prescribing physician ever read the Instructions for Use, or that he would have changed his prescribing decision with any other warning; (c) Plaintiff's manufacturing defect—which is only recognized under the LPLA as a construction or composition defect claim—fail because Plaintiff has not presented any evidence the specific IVC filter implanted in Plaintiff deviated in a material way from the manufacturer's specifications or performance standards or from otherwise identical filters manufactured by Bard at the time the device left Bard's control, let alone that such a deviation was the proximate cause of his injuries; (d) Plaintiff cannot prevail on his design defect claims because he has not provided any evidence there was a defect in the design of Plaintiff's filter and that such defect was the proximate cause of his specific injuries; additionally, comment K of § 402(A) of the Restatement (Second) of Torts bars Plaintiff's design defect claim based on a strict liability theory; and, (e) Plaintiff's claim for breach of express warranty fails because Plaintiff cannot meet his burden to establish an express statement was made by Bard to Plaintiff at all, let alone one warranting to the Plaintiff the subject filter would not tilt, fracture, or perforate, and that such express statement proximately caused Plaintiff's injuries.

      Wherefore, Bard prays that the Court grant summary judgment in its favor on all counts and claims in Plaintiff's complaint.

Dated: May 13, 2021

    Respectfully Submitted:

    **GREENBERG TRAURIG, LLP**

    */s/ Lori G. Cohen*
    Lori G. Cohen (*pro hac vice)*
    Terminus 200
    3333 Piedmont Road, NE, Suite 2500
    Atlanta, GA 30305
    Telephone: (678) 553-2100
    cohenl@gtlaw.com

    Sylvia E. Simson (*pro hac vice*)
    MetLife Building
    200 Park Avenue
    New York, NY 10166
    Telephone: (212) 801-9275
    simsons@gtlaw.com

    -and-

    **IRWIN FRITCHIE URQUHART**
    **& MOORE, LLC**
    KIM E. MOORE (#18653)
    DAVID M. MELANCON (#23216)
    KELLY JUNEAU ROOKARD (#30573)
    ALISON A. SPINDLER (#34103)
    BRIAN G. REANEY, II (#38382)
    400 Poydras Street, Suite 2700
    New Orleans, Louisiana 70130
    Telephone: (504) 310-2100
    Fax: (504) 310-2101
    kmoore@irwinllc.com
    dmelancon@irwinllc.com
    kjuneau@irwinllc.com
    aspindler@irwinllc.com
    breaney@irwinllc.com

    *Counsel for Defendants Bard Peripheral Vascular, Inc. and C. R. Bard, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of May 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. The motion was originally filed on May 10, 2021 and is now being refiled per the Clerk of Court's directive.

                                                                                            */s/ Lori Cohen*