**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CRAIG COUTURIER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12497** |
| **BARD PERIPHERAL VASCULAR, INC. AND C.R. BARD, INC.** | **SECTION: "B"(2)** |

**ORDER AND REASONS**

**IT IS ORDERED** that plaintiff's motion for reconsideration (Rec. Doc. 290) is granted solely in order to reiterate in clarification prior evidentiary rulings in the following non-exhaustive particulars:

1. In connection with the duty to warn claim, the sole triable matter remaining, parties are allowed to present trial evidence showing comparative data on fracture rates, including tilt, migration, and perforation or component embolization of the G2, G2X, and Eclipse filers. That evidence is relevant along with other evidence about the implanting physician, for assessing whether defendant adequately warned physicians about the risk of the Eclipse IVC filter, whether the implanting physician made himself aware of the risks from medical literature, warnings or other reliable sources and whether he would have declined use of the filter or suggested an available alternative;

1

2. Similar evidence about the Simon Nitinol and Gunther Tulip filters may become admissible upon showing foundational support for same in connection with the failure to warn claim;

**IT IS FURTHER ORDERED** that plaintiff's motion to expedite (Rec. Doc. 291) is dismissed as moot in view of the above reiterative clarification.

New Orleans, Louisiana this 9th day of July, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE