UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CRAIG COUTURIER**                                                         **CIVIL ACTION**

**VERSUS**                                                                          **NO. 19-12497**

**BARD PERIPHERAL VASCULAR,**                                 **SECTION: "B"(2)**
**INC. AND C.R. BARD, INC.**

## JURY CHARGES

**MEMBERS OF THE JURY:**

IT IS MY DUTY AND RESPONSIBILITY TO INSTRUCT YOU ON THE LAW YOU ARE TO APPLY IN THIS CASE. THE LAW CONTAINED IN THESE INSTRUCTIONS IS THE ONLY LAW YOU MAY FOLLOW. IT IS YOUR DUTY TO FOLLOW WHAT I INSTRUCT YOU THE LAW IS, REGARDLESS OF ANY OPINION THAT YOU MIGHT HAVE AS TO WHAT THE LAW OUGHT TO BE.

IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I FAVOR EITHER PARTY, YOU MUST DISREGARD THAT IMPRESSION. IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I HAVE AN OPINION ABOUT THE FACTS OF THIS CASE, YOU MUST DISREGARD THAT IMPRESSION. YOU ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE. OTHER THAN MY INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID OR DONE DURING THE TRIAL IN ARRIVING AT YOUR VERDICT.

YOU SHOULD CONSIDER ALL OF THE INSTRUCTIONS ABOUT THE LAW AS A WHOLE AND REGARD EACH INSTRUCTION IN LIGHT OF THE OTHERS, WITHOUT ISOLATING A PARTICULAR STATEMENT OR PARAGRAPH.

THE TESTIMONY OF THE WITNESSES AND OTHER EXHIBITS INTRODUCED BY THE PARTIES CONSTITUTE THE EVIDENCE. THE STATEMENTS OF COUNSEL ARE NOT EVIDENCE; THEY ARE ONLY ARGUMENTS. IT IS IMPORTANT FOR YOU TO DISTINGUISH BETWEEN THE ARGUMENTS OF COUNSEL AND THE EVIDENCE ON WHICH THOSE ARGUMENTS REST. WHAT THE LAWYERS SAY OR DO IS NOT EVIDENCE. YOU MAY, HOWEVER, CONSIDER THEIR ARGUMENTS IN LIGHT OF THE EVIDENCE THAT HAS BEEN ADMITTED AND DETERMINE WHETHER THE EVIDENCE ADMITTED IN THIS TRIAL SUPPORTS THE ARGUMENTS. YOU MUST DETERMINE THE FACTS FROM ALL THE TESTIMONY THAT YOU HAVE HEARD AND THE OTHER EVIDENCE SUBMITTED. YOU ARE THE JUDGES OF THE FACTS, BUT IN FINDING THOSE FACTS, YOU MUST APPLY THE LAW AS I INSTRUCT YOU.

YOU ARE REQUIRED BY LAW TO DECIDE THE CASE IN A FAIR, IMPARTIAL, AND UNBIASED MANNER, BASED ENTIRELY ON THE LAW AND ON THE EVIDENCE PRESENTED TO YOU IN THE COURTROOM. YOU MAY NOT BE INFLUENCED BY PASSION, PREJUDICE, OR SYMPATHY YOU MIGHT HAVE FOR THE PLAINTIFF OR THE DEFENDANTS IN ARRIVING AT YOUR VERDICT.

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

PLAINTIFF HAS THE BURDEN OF PROVING HIS CASE BY A PREPONDERANCE OF THE EVIDENCE. TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE SOMETHING IS MORE LIKELY SO THAN NOT SO. IF YOU FIND THAT PLAINTIFF CRAIG COUTURIER HAS FAILED TO PROVE ANY ELEMENT OF HIS CLAIMS BY A PREPONDERANCE OF THE EVIDENCE, THEN HE MAY NOT RECOVER ON THE CLAIMS NOT SO PROVEN. IF YOU FIND THAT

PLAINTIFF HAS PROVEN ALL THE ELEMENTS OF HIS CLAIMS, THEN HE MAY RECOVER ON PROVEN CLAIMS.

### **EVIDENCE – DIRECT AND CIRCUMSTANTIAL**

THE EVIDENCE YOU ARE TO CONSIDER CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE DOCUMENTS AND OTHER EXHIBITS ADMITTED INTO EVIDENCE, AND ANY FAIR INFERENCES AND REASONABLE CONCLUSIONS YOU CAN DRAW FROM THE FACTS AND CIRCUMSTANCES THAT HAVE BEEN PROVEN.

THERE ARE TWO TYPES OF EVIDENCE.  ONE IS DIRECT EVIDENCE, SUCH AS TESTIMONY OF AN EYEWITNESS.  THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE – THE PROOF OF CIRCUMSTANCES THAT TEND TO PROVE OR DISPROVE THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

### **WITNESSES**

YOU ALONE ARE TO DETERMINE THE QUESTIONS OF CREDIBILITY OR TRUTHFULNESS OF THE WITNESSES. IN WEIGHING THE TESTIMONY OF THE WITNESSES, YOU MAY CONSIDER THE WITNESS'S MANNER AND DEMEANOR ON THE WITNESS STAND, ANY FEELINGS OR INTEREST IN THE CASE, OR ANY PREJUDICE OR BIAS ABOUT THE CASE, THAT HE OR SHE MAY HAVE, AND THE CONSISTENCY OR INCONSISTENCY OF HIS OR HER TESTIMONY

CONSIDERED IN THE LIGHT OF THE CIRCUMSTANCES. HAS THE WITNESS BEEN CONTRADICTED BY OTHER CREDIBLE EVIDENCE? HAS HE OR SHE MADE STATEMENTS AT OTHER TIMES AND PLACES CONTRARY TO THOSE MADE HERE ON THE WITNESS STAND? YOU MUST GIVE THE TESTIMONY OF EACH WITNESS THE CREDIBILITY THAT YOU THINK IT DESERVES.

EVEN THOUGH A WITNESS MAY BE A PARTY TO THE ACTION AND THEREFORE INTERESTED IN ITS OUTCOME, THE TESTIMONY MAY BE ACCEPTED IF IT IS NOT CONTRADICTED BY DIRECT EVIDENCE OR BY ANY INFERENCE THAT MAY BE DRAWN FROM THE EVIDENCE, IF YOU BELIEVE THE TESTIMONY.

YOU ARE NOT TO DECIDE THIS CASE BY COUNTING THE NUMBER OF WITNESSES WHO HAVE TESTIFIED ON THE OPPOSING SIDES. WITNESS TESTIMONY IS WEIGHED; WITNESSES ARE NOT COUNTED. THE TEST IS NOT THE RELATIVE NUMBER OF WITNESSES, BUT THE RELATIVE CONVINCING FORCE OF THE EVIDENCE. THE TESTIMONY OF A SINGLE WITNESS IS SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL OF THE OTHER EVIDENCE, YOU BELIEVE THAT WITNESS.

### **EXPERT WITNESSES**

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD IS PERMITTED TO STATE HIS OR HER OPINION ON THOSE TECHNICAL MATTERS.  HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT

OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY ON IT.

### NO INFERENCE FROM FILING SUIT

THE FACT THAT A PERSON BROUGHT A LAWSUIT AND IS IN COURT SEEKING DAMAGES CREATES NO INFERENCE THAT THE PERSON IS ENTITLED TO A JUDGMENT. ANYONE MAY MAKE A CLAIM AND FILE A LAWSUIT. THE ACT OF MAKING A CLAIM IN A LAWSUIT, BY ITSELF, DOES NOT IN ANY WAY TEND TO ESTABLISH THAT CLAIM AND IS NOT EVIDENCE.

### CHARTS AND SUMMARIES

CERTAIN CHARTS AND SUMMARIES HAVE BEEN SHOWN TO YOU SOLELY TO HELP EXPLAIN OR SUMMARIZE THE FACTS DISCLOSED BY THE BOOKS, RECORDS, AND OTHER DOCUMENTS THAT ARE IN EVIDENCE. THESE CHARTS AND SUMMARIES ARE NOT EVIDENCE OR PROOF OF ANY FACTS. YOU SHOULD DETERMINE THE FACTS FROM THE EVIDENCE.

### IMPEACHMENT

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY EVIDENCE, OR BY EVIDENCE THAT AT OTHER TIMES THE WITNESS HAS MADE STATEMENTS WHICH ARE INCONSISTENT WITH THE WITNESS'S PRESENT TESTIMONY. IF YOU BELIEVE ANY WITNESS HAS BEEN IMPEACHED AND THUS DISCREDITED, YOU HAVE THE RIGHT TO GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY, SUCH BELIEVABILITY AS YOU MAY THINK IT DESERVES.

IN ADDITION, ALTHOUGH A WITNESS DOES NOT NECESSARILY OR DELIBERATELY TESTIFY FALSELY, SOMETIMES HIS/HER MEMORY MAY BE UNRELIABLE. YOU MAY HAVE A RIGHT TO DISTRUST, OR AT LEAST TO LIMIT, THE WEIGHT YOU GIVE TO SUCH TESTIMONY.

WHERE WITNESSES DISAGREE AS TO CERTAIN EVENTS, YOU MAY OF COURSE TAKE INTO CONSIDERATION THE RELATIVE OPPORTUNITY WHICH EACH WITNESS HAD TO OBSERVE THE EVENTS AT ISSUE WHEN THEY OCCURRED.

### **OBJECTIONS**

DURING THE COURSE OF THE TRIAL, YOU HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE ARE ARGUED OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

## **QUESTIONS BY THE COURT**

DURING THE COURSE OF THE TRIAL, I HAVE OCCASIONALLY ASKED A QUESTION OF A WITNESS IN ORDER TO BRING OUT FACTS NOT THEN FULLY COVERED IN THE TESTIMONY.  DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTION OR QUESTIONS MAY HAVE RELATED. IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS I HAVE MADE DURING THE COURSE OF THE TRIAL AS A COMMENT ON EVIDENCE, THEN I INSTRUCT YOU TO DISREGARD ANY SUCH COMMENT, FOR YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.

## **DEPOSITION TESTIMONY**

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS A WITNESS WAS ASKED IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS'S TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOMETIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS

WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS HAVE BEEN READ OR SHOWN TO YOU. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION, AND IS TO BE JUDGED BY YOU AS TO CREDIBILITY AND WEIGHED, AND OTHERWISE CONSIDERED BY YOU IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

## BIAS – CORPORATE PARTY INVOLVED

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

## REDACTED DOCUMENTS

CERTAIN EXHIBITS ADMITTED INTO EVIDENCE MAY HAVE IRRELEVANT INFORMATION REDACTED OR BLACKED-OUT. THE REDACTED INFORMATION IS NOT PROPERLY ADMITTED AND SHOULD NOT BE FACTORED INTO YOUR DELIBERATIONS AND YOU SHOULD DRAW NO INFERENCE OR ASSUMPTION AS TO WHY A DOCUMENT WAS REDACTED OR BLACKED OUT.

IN ADDITION, SOME DOCUMENTS ADMITTED INTO EVIDENCE MAY HAVE A CONFIDENTIALITY DESIGNATION. THE DESIGNATIONS WERE MADE BY PRIOR AGREEMENT OF PARTIES DURING THE PRE-TRIAL EXCHANGE OF DOCUMENTS IN ORDER TO KEEP CONFIDENTIAL CERTAIN MATERIALS THAT ARE

CONSIDERED PRIVATE OR PROPRIETARY. THESE DESIGNATIONS WERE NOT MADE WHEN THE DOCUMENT WAS FIRST CREATED. YOU ARE NOT TO DRAW ANY INFERENCES FROM THE FACT THAT A DOCUMENT BEARS A CONFIDENTIALITY DESIGNATION.

## FDA EMPLOYEES CANNOT TESTIFY

FEDERAL LAW PROHIBITS CURRENT FDA EMPLOYEES FROM TESTIFYING IN COURT REGARDING ANY FUNCTION OF THE FDA AND PROHIBITS CURRENT AND FORMER FDA EMPLOYEES FROM TESTIFYING ABOUT INFORMATION ACQUIRED IN THE DISCHARGE OF THEIR OFFICIAL DUTIES, WITHOUT AUTHORIZATION OF THE COMMISSIONER OF THE FDA. AS A RESULT, NEITHER SIDE IN THIS CASE WAS ABLE TO PRESENT TESTIMONY FROM THE FDA.

## LOUISIANA PRODUCTS LIABILITY ACT (LPLA)

THE LPLA GOVERNS CLAIMS AGAINST A MANUFACTURER FOR INJURIES OR DAMAGES PROXIMATELY CAUSED BY A CHARACTERISTIC OF THE PRODUCT THAT RENDERS THE PRODUCT UNREASONABLY DANGEROUS WHEN SUCH DAMAGE AROSE FROM A REASONABLY ANTICIPATED USE OF THE PRODUCT BY THE CLAIMANT OR ANOTHER PERSON OR ENTITY.

THERE ARE TWO SEPARATE THEORIES OF LIABILITY UNDER THE LPLA THAT ARE APPLICABLE TO PLAINTIFF'S CLAIMS AGAINST DEFENDANTS: LIABILITY BASED ON DESIGN OF THE ECLIPSE FILTER; AND LIABILITY BASED ON INADEQUATE WARNING. DEFENDANTS DENY BOTH CLAIMS AND ASSERT DEFENSES TO THOSE CLAIMS AS EXPLAINED BELOW.

## **LEARNED INTERMEDIARY DOCTRINE**

A MEDICAL DEVICE MANUFACTURER HAS A DUTY TO PROVIDE AN ADEQUATE WARNING ONLY TO A "LEARNED INTERMEDIARY," SUCH AS THE PRESCRIBING OR TREATING PHYSICIAN. IT DOES NOT HAVE A DUTY TO PROVIDE ANY WARNING OF RISKS ASSOCIATED WITH A MEDICAL DEVICE DIRECTLY TO THE PATIENT. THIS IS BECAUSE PHYSICIANS ARE GENERALLY IN A SUPERIOR POSITION TO EVALUATE THE WARNING AND INSTRUCTION AND TO IMPART SUCH WARNING AND INSTRUCTION TO THE PATIENT AND CAN PROVIDE AN INDEPENDENT MEDICAL DECISION AS TO WHETHER USE OF THE DEVICE IS APPROPRIATE FOR A PARTICULAR PATIENT.

A MANUFACTURER'S OBLIGATION TO THE CONSUMER IS FULFILLED WHEN THE PRESCRIBING PHYSICIAN IS INFORMED OF ANY POTENTIAL SIDE EFFECTS OR RISKS FROM THE FILTER'S USE SO THAT HE MAY INTELLIGENTLY DECIDE ON ITS USE AND ADVISE THE PATIENT. THE IMPLANTING DOCTOR ACTS AS AN INFORMED INTERMEDIARY, AND THE DECISION TO USE A PARTICULAR MEDICAL DEVICE IN A PARTICULAR CIRCUMSTANCE RESTS WITH THE DOCTOR, NOT WITH THE MANUFACTURER.

THE ECLIPSE FILTER IS A PRESCRIPTION IMPLANTABLE MEDICAL DEVICE THAT MAY ONLY BE OBTAINED THROUGH AND PRESCRIBED BY A PHYSICIAN IN THE COURSE OF HIS OR HER PROFESSIONAL PRACTICE. ONLY A PRESCRIBING PHYSICIAN, HERE DR. JOSE MENA, MAY DIRECT, ORDER, OR PRESCRIBE THE USE OF A PRESCRIPTION IMPLANTABLE MEDICAL DEVICE LIKE THE ECLIPSE FILTER AFTER WEIGHING THE RISKS AND BENEFITS.

**PROXIMATE CAUSE**

PLAINTIFF MUST PROVE THAT HIS DAMAGES WERE PROXIMATELY CAUSED BY A CHARACTERISTIC OF THE PRODUCT THAT MADE IT UNREASONABLY DANGEROUS WHEN DAMAGES AROSE FROM A REASONABLY ANTICIPATED USE OF THE PRODUCT. THE TERM "PROXIMATE CAUSE" MEANS THAT THERE IS A SUBSTANTIAL CONNECTION BETWEEN THE DEFENDANTS' ACTIONS AND PLAINTIFF'S DAMAGES. A DEFECT IS A PROXIMATE CAUSE OF THE DAMAGE IF IT PRODUCES THE RESULT COMPLAINED OF IN THE NATURAL AND CONTINUOUS SEQUENCE, UNBROKEN BY AN INTERVENING CAUSE AND WITHOUT WHICH THE RESULT WOULD NOT HAVE OCCURRED.

A DEFECT MAY BE A PROXIMATE CAUSE OF DAMAGE EVEN THOUGH IT OPERATED IN COMBINATION WITH THE ACT OF ANOTHER, SOME NATURAL CAUSE, OR SOME OTHER CAUSE. IF THERE IS MORE THAN ONE CAUSE OF INJURY, A DEFENDANT'S CONDUCT IS THE PROXIMATE CAUSE IF IT IS A SUBSTANTIAL FACTOR GENERATING THE PLAINTIFF'S HARM.

**LIABILITY BASED ON UNREASONABLY DANGEROUS DESIGN**

PLAINTIFF CLAIMS THAT THE ECLIPSE IVC FILTER PRODUCT MANUFACTURED BY THE DEFENDANTS WAS UNREASONABLY DANGEROUS IN ITS DESIGN. LOUISIANA LAW DOES NOT ALLOW A JURY TO PRESUME AN UNREASONABLY DANGEROUS DESIGN SOLELY FROM THE FACT THAT AN INJURY OCCURRED. KNOWN AND ADEQUATELY DISCLOSED RISKS, WHICH CANNOT BE

11

REASONABLY AVOIDED, ASSOCIATED WITH A PARTICULAR MEDICAL PROCEDURE USING A CERTAIN PRODUCT CANNOT BE CONSIDERED A DESIGN DEFECT.

TO BE SUCCESSFUL, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT:

1) THERE WAS AN ALTERNATIVE DESIGN FOR THE PRODUCT THAT COULD HAVE PREVENTED HIS INJURY, AND THE LIKELIHOOD THAT THE PRODUCT'S DESIGN WOULD CAUSE HIS INJURY AND THE SERIOUSNESS OF THAT INJURY OUTWEIGHED THE BURDEN ON THE DEFENDANTS OF USING THAT ALTERNATIVE DESIGN AND THE ADVERSE EFFECT OF USING THAT ALTERNATIVE DESIGN ON THE UTILITY OF THAT PRODUCT;
2) THE INJURY WHICH PLAINTIFF ALLEGES HE SUFFERED WAS PROXIMATELY CAUSED BY A CHARACTERISTIC OF THE PRODUCT WHICH MADE IT UNREASONABLY DANGEROUS AND EXISTED AT THE TIME THE PRODUCT LEFT THE DEFENDANTS' CONTROL OR RESULTED FROM A REASONABLY ANTICIPATED ALTERATION OF THE PRODUCT LATER;
3) THE INJURY WHICH PLAINTIFF SUFFERED AROSE FROM A REASONABLY ANTICIPATED USE OF THE PRODUCT BY THE IMPLANTING PHYSICIAN DOCTOR JOSE MENA; AND
4) THERE WAS ACTUAL DAMAGE TO THE PLAINTIFF'S PERSON.

WHEN I USE THE TERM "REASONABLY ANTICIPATED ALTERATION" OF THE PRODUCT AT A LATER TIME, I MEAN A CHANGE IN THE PRODUCT THAT DEFENDANTS SHOULD REASONABLY EXPECT TO BE MADE BY AN IMPLANTING PHYSICIAN IN THE SAME OR SIMILAR CIRCUMSTANCES, OR A CHANGE ARISING

FROM ORDINARY WEAR AND TEAR. I DO NOT MEAN BY THAT TERM ALTERATION OR REMOVAL OF AN OTHERWISE ADEQUATE WARNING PROVIDED ABOUT THE PRODUCT.

WHEN I USE THE TERM "REASONABLY ANTICIPATED USE," I MEAN USE OR HANDLING OF A PRODUCT THAT THE MANUFACTURER SHOULD REASONABLY EXPECT OF AN IMPLANTING PHYSICIAN IN THE SAME OR SIMILAR CIRCUMSTANCES.

A MANUFACTURER CANNOT BE EXPECTED TO DESIGN PRODUCTS WITH COMPONENT PARTS THAT WILL NEVER WEAR OUT, REGARDLESS OF THE NATURE OF USE OR MAINTENANCE OF THE PRODUCT. A MANUFACTURER IS ENTITLED TO ANTICIPATE THAT A CONSUMER (E.G., MEDICAL CARE PROVIDERS) PURCHASING ITS PRODUCT WILL USE REASONABLE CARE IN MAINTAINING AND USING IT.

## STATE OF THE ART DEFENSE - DESIGN

A MANUFACTURER IS NOT LIABLE FOR THE UNREASONABLE DANGER OF A PRODUCT DUE TO ITS DESIGN IF IT PROVES THAT, AT THE TIME THE PRODUCT LEFT ITS CONTROL:

1. IT DID NOT KNOW, AND IN LIGHT OF THE REASONABLY AVAILABLE SCIENTIFIC AND TECHNICAL KNOWLEDGE THEN EXISTING, COULD NOT HAVE KNOWN OF THE DANGEROUS DESIGN CHARACTERISTIC THAT CAUSED THE INJURY, OR OF THE ALTERNATIVE DESIGN IDENTIFIED BY THE PLAINTIFF; OR

2. THE ALTERNATIVE DESIGN IDENTIFIED BY THE PLAINTIFF WAS NOT FEASIBLE, IN LIGHT OF THE REASONABLY AVAILABLE SCIENTIFIC AND TECHNOLOGICAL KNOWLEDGE, OR THE ECONOMIC PRACTICALITY, THEN EXISTING.

## **LIABILITY BASED ON INADEQUATE WARNING**

THE PLAINTIFF CLAIMS THAT THE ECLIPSE FILTER PRODUCT MANUFACTURED BY THE DEFENDANTS WAS UNREASONABLY DANGEROUS BECAUSE OF AN INADEQUATE WARNING ABOUT ITS POTENTIAL RISKS. TO BE SUCCESSFUL, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT:

1) AT THE TIME THE PRODUCT LEFT THE DEFENDANTS' CONTROL, THE PRODUCT HAD A CHARACTERISTIC THAT MIGHT CAUSE DAMAGE AND THE DEFENDANTS FAILED TO USE REASONABLE CARE TO PROVIDE AN ADEQUATE WARNING OF THAT CHARACTERISTIC AND ITS DANGER TO USERS OF THE PRODUCT, THAT IS THE IMPLANTING PHYSICIAN DR. JOSE MENA;

2) THE INJURY WHICH PLAINTIFF SUFFERED WAS PROXIMATELY CAUSED BY A CHARACTERISTIC OF THE PRODUCT WHICH MADE IT UNREASONABLY DANGEROUS AND EXISTED AT THE TIME THE PRODUCT LEFT THE DEFENDANTS' CONTROL OR RESULTED FROM A REASONABLY ANTICIPATED ALTERATION OF THE PRODUCT LATER;

3) THE INJURY WHICH PLAINTIFF SUFFERED AROSE FROM A REASONABLY ANTICIPATED USE OF THE PRODUCT; AND

14

4) THERE WAS ACTUAL DAMAGE TO THE PLAINTIFF'S PERSON.

WHEN I USE THE TERM "ADEQUATE WARNING," I MEAN A WARNING OR INSTRUCTION THAT WOULD LEAD AN IMPLANTING PHYSICIAN OF THE PRODUCT TO THINK ABOUT THE DANGER IN USING THE PRODUCT, AND THEN EITHER TO NOT USE IT OR, IF POSSIBLE, TO USE IT IN SUCH A MANNER AS TO AVOID INJURY.

WHEN I USE THE TERM "REASONABLY ANTICIPATED USE," I MEAN USE OR HANDLING OF A PRODUCT THAT THE MANUFACTURER SHOULD REASONABLY EXPECT OF AN IMPLANTING PHYSICIAN IN THE SAME OR SIMILAR CIRCUMSTANCES.

## CIRCUMSTANCES UNDER WHICH A MANUFACTURER DOES NOT HAVE TO PROVIDE AN ADEQUATE WARNING

THERE ARE CIRCUMSTANCES, HOWEVER, UNDER WHICH A MANUFACTURER DOES NOT HAVE TO PROVIDE AN ADEQUATE WARNING AS DESCRIBED ABOVE. A MANUFACTURER DOES NOT HAVE TO PROVIDE SUCH WARNING WHEN:

1) THE DANGER OF THE PRODUCT IS SOMETHING THE IMPLANTING PHYSICIAN WOULD KNOW, WITH THE KNOWLEDGE COMMON TO AN IMPLANTING PHYSICIAN AS TO THE PRODUCT'S CHARACTERISTICS; OR

2) THE IMPLANTING PHYSICIAN ALREADY KNOWS OR REASONABLY SHOULD BE EXPECTED TO KNOW OF THE DANGEROUS CHARACTERISTIC OF THE PRODUCT THAT MAY CAUSE INJURY.

## **STATE OF THE ART DEFENSE – WARNING**

A MANUFACTURER IS NOT LIABLE FOR THE UNREASONABLE DANGER OF A PRODUCT DUE TO INADEQUATE WARNING IF IT PROVES THAT, AT THE TIME THE PRODUCT LEFT ITS CONTROL, IT DID NOT KNOW AND, IN LIGHT OF THE REASONABLY AVAILABLE SCIENTIFIC AND TECHNICAL KNOWLEDGE THEN EXISTING, COULD NOT HAVE KNOWN OF THE CHARACTERISTIC THAT CAUSED THE DAMAGE OR THE DANGER OF SUCH CHARACTERISTIC.

## **DUTY TO DELIBERATE; NOTES**

IT IS NOW YOUR DUTY TO DELIBERATE AND TO CONSULT WITH ONE ANOTHER IN AN EFFORT TO REACH A VERDICT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE WITH YOUR FELLOW JURORS. DURING YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU ARE CONVINCED THAT YOU WERE WRONG. BUT DO NOT GIVE UP ON YOUR HONEST BELIEFS BECAUSE THE OTHER JURORS THINK DIFFERENTLY, OR JUST TO FINISH THE CASE.

REMEMBER AT ALL TIMES, YOU ARE THE JUDGES OF THE FACTS. YOU HAVE BEEN ALLOWED TO TAKE NOTES DURING THIS TRIAL. ANY NOTES THAT YOU TOOK DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU DID NOT TAKE NOTES, RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND DO NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS.

NOTES ARE NOT ENTITLED TO GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

WHEN YOU GO INTO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU A COPY OF THIS CHARGE, THE EXHIBITS THAT I HAVE ADMITTED INTO EVIDENCE, AND YOUR NOTES. YOU MUST SELECT A PRESIDING JUROR TO GUIDE YOU IN YOUR DELIBERATIONS AND TO SPEAK FOR YOU HERE IN THE COURTROOM.

YOUR VERDICT MUST BE UNANIMOUS. AFTER YOU HAVE REACHED A UNANIMOUS VERDICT, YOUR PRESIDING JUROR MUST FILL OUT THE ANSWERS TO THE WRITTEN QUESTIONS ON THE VERDICT FORM AND SIGN AND DATE IT. AFTER YOU HAVE CONCLUDED YOUR SERVICE AND I HAVE DISCHARGED THE JURY, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE PRESIDING JUROR SHOULD WRITE THE INQUIRY AND GIVE IT TO THE COURT SECURITY OFFICER. AFTER CONSULTING WITH THE ATTORNEYS, I WILL RESPOND EITHER IN WRITING OR BY MEETING WITH YOU IN THE COURTROOM. KEEP IN MIND, HOWEVER, THAT YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION.

YOU MAY NOW PROCEED TO THE JURY ROOM TO BEGIN YOUR DELIBERATIONS.

New Orleans, Louisiana this 22nd day of July, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE