**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CRAIG COUTURIER**                                          **CIVIL ACTION**

**VERSUS**                                                   **NO. 19-12497**

**BARD PERIPHERAL VASCULAR,**                                **SECTION: "B"(2)**
**INC. AND C.R. BARD, INC.**

ORDER AND REASONS

The following rulings on noted evidentiary motions were orally announced in large part in open court. Subject to change during trial on the merits, **IT IS ORDERED** that,

I.  Plaintiff's Omnibus Motion *in limine* (Rec. Doc. 197) is **GRANTED IN PART** and **DENIED IN PART.** The motions to preclude defendants C.R. Bard and Bard Peripheral Vascular, Inc. from commenting on, referring to, introducing, or attempting to elicit testimony or evidence of, or arguing in the presence of the jury are as follows:

 1) **Irrelevant   misleading   references   re:   attorney advertising.**

   A. Any reference to advertising plaintiff's counsel or any other plaintiffs' attorney is **GRANTED.**

   B. Any reference to IVC filter litigation as "lawyer driven litigation" or any similar description is **GRANTED.**

 2) **Anecdotal testimony.**

1

A. Any reference to or testimony that any friends, family of any witness or of attorneys, witness, or attorneys themselves, have been injured or died as a result of a thrombus or pulmonary embolism is **DENIED WITHOUT PREJUDICE** as to references or testimony to family that suffered from a thrombus or pulmonary embolism. Family medical history could be relevant if individual foundation is laid.

B. Any reference by any attorney or witness (including expert witnesses) that he or she would get a filter themselves or would recommend a filter to their friends or family is **GRANTED.**

3) **Evidence of good character or acts.**

A. That Bard is a "good company" or has "nice employees," the conscientiousness of its employees, usefulness of its products, or that Bard has a mission statement, core values, and/or a vision statement to help people or save lives, or similar gratuitous complementary testimony or comments is **DISMISSED AS MOOT.**

B. That Bard (including its employees and its expert witnesses) or any other pharmaceutical company has done or is doing good or helpful things in the fight

against Covid-19 or does good or helpful things, generally is **DISMISSED AS MOOT**.

4) **Any suggestion that Mr. Couturier's filter caught or stopped a clot and saved his life** is **DISMISSED AS MOOT**.

5) **References to any other Bard non-filter products** is **GRANTED**.

6) **References to experts not called to testify and Plaintiff's experts' testimony in cases against other manufacturers** is **GRANTED**.

   A. References to experts not called to testify in this case is **GRANTED**.

   B. References to the number of times an expert has testified in other case against manufacturers other than Bard is **DENIED**.

7) **Irrelevant/misleading references regarding alleged complaint or failure rates and regarding the medical community** is **DISMISSED AS MOOT**.

   A. Any reference implying that numbers of complaints shows the safety of IVC filters or that the complaint rate equals the complication rate is **DISMISSED AS MOOT**.

      B. Any refence to the number of people allegedly implanted or treated with IVC filters based on the number of units sold is **DENIED.**

      C. Any reference to the total product sales for IVC filters is **GRANTED IN PART** and **DENIED IN PART.** Defendants are prohibited from making any refence to the total product sales for Eclipse filters.

      D. Any refence to any specific percentage of doctors who use IVC filters is **DISMISSED AS MOOT.**

      E. Any reference about what "all physicians know" regarding risks or benefits of procedures or devices, DVT, or similar statements is **DISMISSED AS MOOT.**

8) **Evidence of trade associations' or organizations' opinions for the purpose of supporting legal theories, acceptable rates of complications, and/or safety profiles** is **GRANTED.**

9) **References to IVC filter products being the 'gold standard' or the "standard of care"** is **GRANTED IN PART** and **DENIED IN PART.** Defendants are prohibited from making references to IVC filter products being the "gold standard."

10)     **Any reference to the number of documents that Bard has produced or the number of current and/or former employees that Bard has produced for deposition** is **DISMISSED AS MOOT.**

11)     **Argument or evidence regarding negligence of third part/"empty chair" defense** is **DISMISSED AS MOOT.**

    A. Reference to fault or negligence of non-parties is **DISMISSED AS MOOT.**

    B. Reference to or adverse inference for not suing all potential parties is **DISMISSED AS MOOT.**

12)     **Collateral sources, including use of payment by third party to prove efficacy** is **DISMISSED AS MOOT.**

13)     **Claims, theories, or causes of action withdrawn before trial or no longer asserted** is **GRANTED IN PART** and **DENIED IN PART.** Defendants can state what is not at issue to jurors and what is at issue.

14)     **References to Mr. Couturier's consumption of alcohol** is **DISMISSED AS MOOT** without individual foundation for same regarding health issues in case.

II.  Defendants' motion to exclude or limit opinions of Derek Muehrcke, M.D. (Rec. Doc. 114) is **GRANTED IN PART** and **DENIED IN PART.** Dr. Muehrcke cannot (1) parrot the opinions of other experts or vouch for other experts; (2) offer opinions that

5

Bard's filters had particular filters rates or that the G2 filter poses and "unacceptable risk" of caudal migration; (3) opine about what Bard knew or intended; (4) testify about his person feelings of betrayal and moral and ethical issues with Bard's conduct; (5) offer design opinions; (6) opine on conclusions of law, e.g., reasonably dangerous or defective, etc.; and (6) cannot offer cumulative factual or expert testimony. However, Dr. Muehrcke can testify as to what risks treating physicians need to be aware of in order to make decisions about use of Eclipse filter - and on the future medical needs and costs if known.

III. Defendants' motion to exclude or limit opinions of Jennifer Cook, MD, FAHA, FACC (Rec. Doc. 120) is **GRANTED**. Opinions by an expert that are relied upon here by the Life Care planner will be excluded as hearsay if the expert is not produced at trial. However, if those opinions are the exact opinions already given by Hurst and Muehrcke, can their opinion testimony then form basis for the life care plan??

IV. Plaintiff's motion *in limine* prohibiting reference to surgeon general's call to action (Rec. Doc. 190) is **DENIED IN PART**, allowing the admissibility, requiring proper foundation of the "Surgeon General's call to action." Fed. R. Evid. 402, 403, 803(8); *In re Bard IVC Filters Prod. Liab. Littig.*, 2018

WL 4279833 (D. Ariz. Sept. 7, 2018); and **GRANTED IN PART** precluding argument that the evidence at issue was an endorsement of the defendants' product. Further, parties should jointly propose a limiting jury instruction in compliance with the foregoing ruling no later than **July 9, 2021.**

V.  Plaintiff's motion *in limine* precluding argument FDA consent was needed to issue warnings or otherwise protect consumers (Rec. Doc. 192) is **DENIED IN PART,** allowing evidence and argument explaining why the Eclipse Filter were not recalled by Bard and the FDA's potential involvement in a recall effort; **GRANTED** to (a) exclude any suggestion that Bard could never modify its instruction for use (IFU) without FDA consent, (b) suggesting Bard was precluded from using doctor letters to physicians and (c) suggesting Bard could not voluntarily initiate the recall process pursuant to federal regulations.

VI.  Plaintiff's motion *in limine* to preclude reference to surgical consent forms (Rec. Doc. 194) is **DENIED.** *Booker v. C.R. Bard*, No. MDL 15-02641-PHX-DGC; No. CV-16-00474-PHX-DGC.

VII.  Plaintiff's motion *in limine* to exclude any reference to IVC filters as lifesaving (Rec. Doc. 195) is **DENIED.** *Keen v. C.R. Bard, Inc.*, 480 F. Supp. 3d 646, 652-53 (E.D. Penn 2020).

VIII.  Plaintiff's motion *in limine* to preclude inaccurate statements regarding the FDA's "approval" or endorsement of the device (Rec. Doc. 196) is **DENIED**. Evidence of regulatory clearance and absence of FDA approvement process of the Eclipse device is relevant and likely probative. However, no evidence or argument will be allowed that states the FDA "endorsed" the filter at issue.

IX.  Defendants' motion *in limine* No. 1 to exclude evidence concerning Recovery filter cephalad migration deaths (Rec. Doc. 199) is **GRANTED**. *See Davis Jones v. Bard*, 2018 WL 1993767, at *3 (D. Ariz. Apr. 27, 2018), *aff'd* 816 F. App'x 218, 219 (9th Cir. 2020); *Peterson v. Bard*, 19-cv-01701-mo, (D. Ore. Apr. 20, 2021), RD 159.

X.  Defendants' motion *in limine* No. 2 to exclude testimony and evidence regarding Bard employee Robert Carr's "buffet line" email (Rec. Doc. 200) is **GRANTED**. *Peterson v. Bard*, 19-cv-01701-mo (D. Ore. Apr. 20, 2021), RD 159.

XI.  Defendants' motion *in limine* No. 3 to evidence, reference, or arguments concerning other manufacturers of IVC filters (Rec. Doc. 201) is **DENIED** to allow evidence of comparative failure rates of Bard filters that were available prior to use of the Eclipse filter in this case. The motion is **GRANTED** in remaining respects. Fed. R. Evid. 403.

XII.   Defendants' motion *in limine* No. 7 to preclude any evidence, testimony, reference, or argument concerning irrelevant, alleged complications, alleged defects, and allegedly inadequate warnings (Rec. Doc. 202) is **GRANTED** to exclude alleged complications and defects with non-Eclipse filters but **DENIED** in all other respects without prejudice subject to modification during trial.

XIII.  Defendants' motion *in limine* No. 8 to preclude any evidence, testimony, reference, or argument relating to product complaints, adverse event reports, medical device reports and filter complications involving patients other than plaintiff (Rec. Doc. 203) is **GRANTED IN PART** and **DENIED IN PART**. Evidence regarding the Recovery filter is excluded, but the plaintiffs may offer evidence regarding the G2, G2X, Eclipse, Simon Nitinol and Günther Tulip filters. *Nolen v. C.R. Bard, Inc.* No. 19-00799 (M.D. Tenn. May 26, 2021), RD 185; *Booker v. C.R. Bard*, No. MDL 15-02641-PHX-DGC; No. CV-16-00474-PHX-DGC 2018 WL 1109554, at *1 (D. Ariz. Mar. 1, 2018).

XIV.   Defendants' motion *in limine* No. 9 to preclude any evidence, testimony, reference, or argument relating to medical causation or damages by plaintiff, lay witnesses, or plaintiff's treating physicians (Rec. Doc. 204) is **GRANTED** to exclude personal opinion testimony on causation by a lay

witness. This case involves highly complex technical and medical issues that no lay witness has been shown to have common knowledge about other than from his treating physician. The motion is **DENIED** in all other aspects, including allowing plaintiff and his wife to present personal observations about his symptoms, physical and mental.

XV.    Defendants' motion *in limine* No. 12 to preclude any evidence or argument regarding the Wong report reference to "unacceptable risk" (Rec. Doc. 205) is **DENIED.** However, foundational evidence must still be established.

XVI.   Defendants' motion *in limine* No. 13 to preclude plaintiff from proffering any evidence or argument that defendants' subsequent developments and improvement of its IVC filters are proof of a defect in plaintiff's Eclipse™ filter (Rec. Doc. 206) is **DENIED.**

XVII.  Defendants' motion *in limine* No. 14 to exclude evidence regarding alleged "whistleblower" letters and unsubstantiated allegations concerning Dr. Donna-Bea Tillman (Rec. Doc. 207) is **GRANTED.** Irrelevant – allegations as issue were independently found unsubstantiated – and, accepting the allegations at issue would lend to undue prejudice and bias. Fed. R. Evid. 403; *see also Wright v. Bard*, No. 19-2176, Tr. Transcript 268:8-16 (N.D. Tex. May 24, 2021).

XVIII.  Defendants' motion *in limine* No. 18 to preclude any evidence, testimony, reference, or argument that Bard is a corporate citizen, that the jury should send a message or punish Bard or that Bard products are bad products (Rec. Doc. 208) is **GRANTED** to exclude as part of liability phase of trial and **DENIED** as to the damages phase.

XIX.  Defendants' motion *in limine* No. 19 to preclude any evidence, testimony, reference, or argument concerning the involvement of Bard's experts' role as expert witnesses in other Bard lawsuits (Rec. Doc. 209) is **DENIED** subject to modification during trial.

XX.  Defendants' motion *in limine* No. 20 to preclude any evidence or argument concerning an alleged lack of testing or the result from any migration resistance bench testing (Rec. Doc. 211) is **DENIED**. *Jones v. C.R. Bard, Inc.*, No. 3-15-CV-00599 (N.D. Tex. Feb. 15, 2015), RD 161.

XXI.  Defendants' motion *in limine* No. 22 to preclude any evidence, testimony, reference, or argument concerning hypothetical and unsupported current and future damages including relating to the impact of plaintiff's alleged injuries on family and friends (Rec. Doc. 212) is **DISMISSED WITHOUT PREJUDICE.** Attempts to predict without rational basis every question including hypothetical ones that might be asked at trial are

premature and speculative. Objections are still available, to raise in advance, at trial.

XXII. Defendants' motion *in limine* No. 23 to preclude any non-retained treating physicians from testifying beyond topics relating to their diagnosis and treatment of plaintiff (Rec. Doc. 213) is **DISMISSED WITHOUT PREJUDICE** to reraise if there are any attempts to elicit testimony from treating physician that is beyond scope of care and treatment. Plaintiff is required to state he "intends to elicit testimony only within that scope."

XXIII. Defendants' motion *in limine* No. 4 to preclude any opinion testimony of Dr. Krishna Kandarpa (Rec. Doc. 214) is **GRANTED**, subject to modification during trial to allow factual evidence on the study itself . *Peterson v. Bard*, 19-cv-01701-mo, (D. Ore. Apr. 20, 2021), RD 159 at 94-95; *Johnson v. C.R. Bard, Inc.*, 19-cv-760, 2021 U.S. Dist. LEXIS 97665, at *12-13 (W.D. Wis. May 24, 2021).

XXIV. Defendants' motion *in limine* No. 24 to preclude any evidence, testimony, reference, or argument concerning the financial condition of any party or damages to anyone other than plaintiff (Rec. Doc. 215) is **DISMISSED AS MOOT.**

XXV. Defendants' motion *in limine* No. 25 to preclude any testimony, evidence, reference, or argument based on hypotheticals and

speculation (Rec. Doc. 216) is **DENIED** without prejudice to raise at trial if no foundational evidence is presented before asking hypotheticals.

XXVI. Defendants' motion *in limine* No. 26 to preclude any testimony relating to Dr. David Garcia's clot formation at the filter opinions (Rec. Doc. 217) is **DENIED**. However, Dr. Garcia's testimony must provide foundational support on blood clots, foundation on the Eclipse filter surface that caused the filter to malfunction. That evidence would be relevant and have probative value that outweighs potential for prejudicial impact.

XXVII. Defendants' motion *in limine* No. 10 to preclude any evidence, testimony, reference, or argument suggesting Bard had a duty or obligation to include complication rates or rate comparisons to other products in a warning (Rec. Doc. 218) is **DENIED IN PART** regarding legal duty because it depends on jury's consideration of facts relating to the Eclipse filter, but **GRANTED IN PART** as to other requests without prejudice to reconsider this at trial if rates with the G2 or G2X Filters depending on which one was used to obtain FDA clearance for the Eclipse Filter.

XXVIII. Defendants' motion *in limine* No. 6 to exclude irrelevant and prejudicial evidence regarding the development of the

Recovery Filter (Rec. Doc. 219) is **GRANTED**. The evidence does not involve the filter at issue and is irrelevant and unduly prejudicial. *Peterson v. Bard*, 19-cv-01701-mo, (D. Ore. May 3, 2021), RD 181 at 14.

XXIX.   Defendants' motion *in limine* No. 15 to preclude any evidence, testimony, reference, or argument concerning Bard's corporate intent, motivations, or ethics (Rec. Doc. 220) is **GRANTED** subject to modification during trial.

XXX.   Defendants' motion *in limine* No. 5 to exclude any evidence of the Simon Nitinol Filter as a reasonable alternative design (Rec. Doc. 221) is **DENIED**. *Hyde v. C.R. Bard, Inc.*, No. 16-00893 (D. Ariz. Sept. 7, 2018), RD 12533.

XXXI.   Defendants' motion *in limine* No. 11 to preclude any evidence of the FDA warning letter (Rec. Doc. 222) is **DISMISSED AS MOOT** relative to the letter's topics labelled 1, 2, 4-6; however, topics labelled 3 and 7 may become admissible if defendant contends at trial that its filters were never the subject of an FDA warning letter.

XXXII.   Defendants' motion *in limine* No. 16 to preclude any evidence, testimony, reference, or argument related to Bard's alleged advertising, marketing, or promotion of the Eclipse or reliance on communication with sales representative (Rec. Doc. 223) is **DENIED**.

XXXIII.    Defendants' motion *in limine* No. 21 to preclude certain evidence of Bard's communications with the medical community about filter data (Rec. Doc. 224) is **DENIED,** subject to modification during trial.

XXXIV.    Defendants' motion *in limine* No. 17 to exclude any evidence, testimony, reference, or argument relating to expert opinions not previously disclosed and lay witness opinion (Rec. Doc. 210) is **GRANTED,** subject to modification during trial.

XXXV.    Defendants' motion to exclude or limit opinions of Leigh Anne Levy, RN (Rec. Doc. 93) is **DISMISSED AS MOOT.**

New Orleans, Louisiana this 13th day of July, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE